## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIE GLASPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 16 CV 7752 |
| | ) | |
| The CITY OF CHICAGO, Illinois, a municipal | ) | Judge |
| corporation, and Chicago Police Officers | ) | |
| ANTHONY P. BRUNO (#12212), PATRICK | ) | Magistrate Judge |
| J. WHERFEL (#5363), WILLIAM J. LEPINE | ) | |
| (#7736), ERIK R. SHEARER (#8214), | ) | |
| BRIAN T. SCHNIER (#1273), ARMANDO | ) | |
| UGARTE, (#15050), DURAND E. LEE | ) | |
| (#18858), JOSEPH R. PAPKE (#4904), and | ) | |
| RICO L. CARTER (#5068) | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, ANTONIE GLASPER, by his attorneys, HAMILTON LAW OFFICE, LLC, makes the following complaint against Defendants CITY OF CHICAGO ("Defendant CITY") and Chicago Police Officers ANTHONY P. BRUNO, PATRICK J. WHERFEL, WILLIAM J. LEPINE, ERIK R. SHEARER, BRIAN T. SCHNIER, ARMANDO UGARTE, DURAND E. LEE, JOSEPH R. PAPKE, and RICO L. CARTER ("Defendant OFFICERS"):

### JURISDICTION AND VENUE

1. This is an action brought pursuant to 42 U.S.C. §1983 to address the deprivation, under color of law, of Plaintiff's rights under the United States Constitution and Illinois law.

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3. Venue is proper under 28 U.S.C. §§ 1391(b). All of the parties reside in this judicial district and the events pertaining to the claims made in this complaint occurred within this district.

### PARTIES

4. Plaintiff ANTONIE GLASPER is a thirty-nine-year-old resident of Chicago, Illinois.

5.   At all relevant times, Defendant OFFICERS are or were Chicago police officers, employed by Defendant CITY, acting within the scope of their employment, and under color of law.

6.   Defendant CITY is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant OFFICERS. Should Plaintiff prevail on his claims, Defendant CITY is liable to Plaintiff as the principal on Plaintiff's state law claim pursuant to the doctrine of *respondeat superior*, and must indemnify Defendant OFFICERS on Plaintiff's federal claims pursuant to 735 ILCS 10/9-102.

## FACTS

7.   In August of 2015, Plaintiff ANTONIE GLASPER lived with his fiancé, his eleven-year old son, and his fiancé's twenty-one year old autistic son in the first floor apartment at 7325 S. Kimbark Avenue in Chicago, Illinois.

8.   On August 19, 2015, Plaintiff had a dog named Rozay, which Plaintiff and his son had raised from a puppy.

9.   On the afternoon of August 19, 2015, Plaintiff was home with his son, his fiancé's son, and the family dog, Rozay.

10.  At approximately 2:30 p.m., Plaintiff was lying down in his bedroom and the two boys were playing videogames when there was a loud boom at the front door.

11.  Defendant OFFICERS broke down the front door of Plaintiff's residence at 7325 S. Kimbark Avenue.

12.  Defendant OFFICERS caused significant damage to Plaintiff's front door and the surrounding frame and wall.

13.  After the loud boom from the front door, Plaintiff heard someone yell "police," so he went to the kitchen and grabbed Rozay.

14. When Defendant OFFICERS entered Plaintiff's home, Defendant OFFICERS were all wearing military-style facemasks.

15. Defendant OFFICERS came into the kitchen where Plaintiff was on his knees holding Rozay.

16. One of the Defendant OFFICERS came around behind Plaintiff and grabbed him by the collar as he kneeled in the kitchen holding Rozay.

17. Another Defendant OFFICER stood in the doorway with his gun drawn and pointed at Plaintiff.

18. Plaintiff, afraid that Defendant OFFICERS would shoot Rozay, asked permission to put Rozay in his cage or lock him in the bathroom.

19. Plaintiff begged Defendant OFFICERS not to shoot Rozay and told them the dog was friendly.

20. Defendant OFFICERS refused to allow Plaintiff to lock Rozay up.

21. Defendant OFFICERS instead, ordered Plaintiff to get on the ground and let go of the dog.

22. Plaintiff complied with Defendant OFFICER'S order and let go of Rozay.

23. Defendant WHERFEL then intentionally fired multiple shots at Rozay, killing the dog in the kitchen of Plaintiff's home.

24. When Defendant WHERFEL shot Rozay, Plaintiff, his twelve-year-old son, and his fiancé's twenty-one-year-old autistic son were all less than 10 feet away.

25. Immediately after Defendant WHERFEL killed the family dog, other Defendant OFFICERS grabbed Plaintiff and both boys, handcuffed them, and took them into the living room.

26. Some of Defendant OFFICERS then took Plaintiff into one of the front bedrooms and demanded that he tell them where the drugs were.

27. Plaintiff told Defendant OFFICERS that he did not have any drugs.

28. One of Defendant OFFICERS unfastened Plaintiff's pants, pulled them down to his ankles and lifted up his shirt to do a strip search. The same Defendant OFFICER ordered Plaintiff to bend

3

over and cough as he spread Plaintiff's butt cheeks and searched his anal cavity. Plaintiff was handcuffed the entire time.

29. Two other Defendant OFFICERS were in the room during this strip search and did not do anything to try and stop it.

30. Although Defendant OFFICERS did not find anything illegal as a result of the strip search, Plaintiff was taken outside and detained in the back of a squad car.

31. Defendant OFFICERS also took Plaintiff's son and his fiancé's son outside in handcuffs.

32. Defendant OFFICERS eventually released both boys to Plaintiff's sister without charging them with any crime.

33. Defendant OFFICERS conducted an extensive search of each room.

34. Defendant OFFICERS' search left Plaintiff's home in total disarray and caused further property damage.

35. Defendant OFFICERS took Plaintiff to the police station and charged him with felony possession of a controlled substance and misdemeanor possession of drug paraphernalia.

36. Plaintiff did not have anything illegal in his home.

37. Plaintiff spent several days in jail before he was able to post bond.

38. Plaintiff had to hire an attorney to represent him on the felony charges Defendant OFFICERS placed against him.

39. Plaintiff maintained his innocence and appeared in court to defend himself against the false charges Defendant OFFICERS placed against him.

40. Defendant OFFICERS never appeared at any of the court dates set for Plaintiff's criminal case.

41. On October 8, 2015, all charges against Plaintiff were dismissed.

## COUNT I
(42 U.S.C. § 1983 – Unlawful Seizure of Property)

42. Each of the preceding paragraphs is incorporated as if fully restated here.

4

43. As described above, Defendant OFFICERS' seizure of Plaintiff's property, the family dog, was objectively unreasonable under the circumstances in violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution.

44. One or more Defendant OFFICERS were aware of their fellow officer's misconduct in shooting and killing the family dog, had a reasonable opportunity to intervene, but failed to do so.

45. As a direct and proximate result of this unlawful seizure, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate Plaintiff for his damages, plus a substantial sum in punitive damages, as well as court costs, attorneys' fees, and such other relief as is just and equitable.

**COUNT II**
(42 U.S.C § 1983 – Unlawful Search of Residence)

46. Each of the preceding paragraphs is incorporated as if fully restated here.

47. As described above, Defendant OFFICERS' search of Plaintiff's residence was objectively unreasonable in violation of Plaintiff's rights under the Fourth Amendment of the United State's Consititution.

48. The manner and scope of this search was objectively unreasonable and in violation of the Fourth Amendment of the United States Constitution.

49. One or more Defendant OFFICERS were aware of their fellow officer's misconduct in unlawfully searching Plaintiff's home, had a reasonable opportunity to intervene, but failed to do so.

50. As a direct and proximate result of this illegal search, Plaintiff suffered damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate Plaintiff for his damages, plus a substantial sum in punitive damages, as well as court costs, attorneys' fees, and such other relief as is just and equitable.

**COUNT III**

(42 U.S.C. § 1983 – Unlawful Strip Search)

51. Each of the preceding paragraphs is incorporated as if fully restated here.

52. As described above, one of Defendant OFFICERS performed a strip search of Plaintiff.

53. This strip search was objectively unreasonable in violation of the Fourth Amendment of the United States' Constitution.

54. One or more Defendant OFFICERS were aware of their fellow officer's misconduct in strip searching Plaintiff, had a reasonable opportunity to intervene, but failed to do so.

55. As a direct and proximate result of this unlawful and unreasonable search, Plaintiff suffered damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate Plaintiff for his damages, plus a substantial sum in punitive damages, as well as court costs, attorneys' fees, and such other relief as is just and equitable.

## COUNT IV
(Illinois Common Law Conversion Claim)

56. Each of the preceding paragraphs is incorporated as if fully restated here.

57. As described above, Plaintiff had an absolute and unconditional right to the possession of his pet dog, and an agent(s) of Defendant CITY wrongfully and without authorization assumed control, dominion over Plaintiff's dog.

58. As a direct and proximate result of the conversion of Plaintiff's property by Defendant CITY's agent(s), Plaintiff suffered damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendant CITY in a fair and just amount sufficient to compensate Plaintiff for the deprivation of his property and for the injuries he has suffered as a result, plus all other such relief as is just and equitable.

## COUNT V
(Illinois Common Law Malicious Prosecution Claim)

6

59. Each of the preceding paragraphs is incorporated as if fully restated here.

60. As described above, Defendant OFFICERS initiated criminal proceedings against Plaintiff and/or caused those proceedings to continue against him without probable cause.

61. Defendant OFFICERS created false or inaccurate police reports, complaints and other documents, with malice, willfulness, and/or reckless indifference to Plaintiff's rights.

62. The criminal proceedings against Plaintiff were terminated in his favor, in a manner indicative of Plaintiff's innocence.

63. As a direct and proximate result of Defendant OFFICERS' malicious prosecution, Plaintiff suffered damages.

      **WHEREFORE,** Plaintiff prays for judgment against Defendant CITY in a fair and just amount sufficient to compensate Plaintiff for his damages, and such other relief as is just and equitable.

## COUNT VII
### (Illinois Intentional Infliction of Emotional Distress)

64. Each of the preceding paragraphs is incorporated as if fully restated here.

65. As more fully described above, Defendant OFFICERS engaged in conduct that was extreme and outrageous.

66. Defendant OFFICER acted willfully and wantonly in that he intended, or was recklessly indifferent towards Plaintiff, causing Plaintiff sever emotional distress, knowing there was a high probability that his behavior would cause Plaintiff severe emotional distress and mental anguish.

67. As a direct and proximate result of Defendant OFFICER'S intentional misconduct, Plaintiff has in fact suffered severe emotional distress.

68. Illinois law provides that public entities, such as Defendant CITY, are liable for compensatory damages on a tort judgment against employees who were acting within the scope of their employment.

69. At all relevant times, Defendant OFFICERS were agents of Defendant CITY and employees of the Chicago Police Department acting within the scope of their employment. Therefore, Defendant CITY is liable as principal for all torts committed by its agents.

**WHEREFORE**, Plaintiff prays for judgment against Defendant OFFICERS and Defendant CITY in a fair and just amount sufficient to compensate Plaintiff for the injuries he has suffered, as well as punitive damages against Defendant OFFICERS, and such other relief as is just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

ANTONIE GLASPER, Plaintiff

By: /s Torreya L. Hamilton
    Attorney for Plaintiff

HAMILTON LAW OFFICE, LLC
53 West Jackson Blvd., Suite 452
Chicago, Illinois 60604
312.726.3173
tlh@thehamiltonlawoffice.com
Attorney No. 6229397

8